IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 24, 2008

Charles R. Fulbruge III
Clerk

No. 06-60976
Summary Calendar

JOSE ANTONIO RUELAS-DORADO

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75 910 783

Before JONES, Chief Judge, and REAVLEY and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Antonio Ruelas-Dorado (Ruelas), a native and citizen of Mexico, petitions this court for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal of the Immigration Judge's (IJ) removal order. Ruelas contends that he is eligible for an adjustment of status because 8 U.S.C. § 1255(i) exempts the ground of inadmissibility set forth in 8 U.S.C. § 1182(a)(9)(C)(i)(I). This court has previously upheld as reasonable the BIA's determination that § 1255(i) does not exempt the ground of inadmissibility set

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

forth in § 1182(a)(9)(C)(i)(I).   Mortera-Cruz v. Gonzales, 409 F.3d 246, 256 (5th Cir. 2005).  To the extent Ruelas argues that Mortera-Cruz was incorrectly decided, one panel of this court may not overrule a prior panel's decision in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court.  See United States v. Ruff, 984 F.2d 635, 640 (5th Cir. 1993).

Ruelas also contends that he is eligible for an adjustment of status under § 1255(i) with a Form I-212 waiver because a Form I-212 waiver would cure his inadmissibility under § 1182(a)(9)(C)(i)(I).  This court lacks jurisdiction to review the BIA's discretionary denial of a Form I-212 waiver.   See 8 U.S.C. § 1252(a)(2)(B).

Finally, Ruelas contends that the BIA's interpretation of § 1182(a)(9)(C)(i)(I) leaves the statute open to a constitutional attack on equal protection grounds.   Ruelas does not identify which classes or groups of immigrants are allegedly treated differently by the BIA's interpretation of § 1182(a)(9)(C)(i)(I).  Further, this court has held that the conduct proscribed by § 1182(a)(9)(C)(i)(I) is both different from and more culpable than the conduct of an alien who is inadmissible only under § 1182(a)(6)(A)(i).  Mortera-Cruz, 409 F.3d at 255-56.  Therefore, Ruelas's conclusional equal protection claim is without merit.

Accordingly, Ruelas's petition for review is DENIED.